# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# AT PEORIA, ILLINOIS

| | |
|---|---|
| United States of America </br>     Plaintiff | ) </br> ) </br> ) |
| vs. | ) Case No. 09-10109 </br> ) |
| Ryan P Tucker </br>     Defendant | ) </br> ) |

## **REPORT AND RECOMMENDATION**

At the direction of the District Court the Judge has conducted a hearing on Defendant's motion to suppress statements [#20] and motion to suppress evidence seized during search of apartment [#22]. By agreement of counsel, both motions to suppress were heard together as they both relate to events occurring on December 3, 2008 in Macomb, Illinois at the Delta Upsilon house beginning at approximately 8:00 a.m.

The warrant which had been obtained on December 2, 2008 was to search the apartment of Austin Kern which was a room at the fraternity house and for his computer. The Court heard the testimony of five police officers and three students at the hearing.

Both motions to suppress rely on allegations that the Defendant was not given Miranda rights before he dealt with any police officers and that the presence of the armed police officers was coercive and custodial.

The officers arrived at approximately 8:00 a.m. and after knocking on the door and windows for 5 minutes they were then allowed into the fraternity house. They went directly to room #3 which was the room of Austin Kern. He came to the door and appeared to have been awakened. The conversation with him was carried on by F.B.I. Officer Meyer who had obtained the warrant based on a Lime Wire search of a computer that showed the presence of child porn. When confronted by Agent Meyer, Mr. Kern admitted that there was a computer in his room. He denied that he had any child porn on his computer and said he knew nothing of that material. He also indicated he wasn't threatened or

intimidated by the officers. He indicated that others had the use of the internet that was hooked to his computer because it was a wireless connection and he named several people who had that access including the Defendant.

The F.B.I. agents, Officer Fairbanks and Officer Meyer, were dressed with vests that identified them as F.B.I. agents. They were wearing side arms that were visible and F.B.I. badges. They also had flashlights and handcuffs. The other officers included Macomb Police Officer Matthew Gass who was not in uniform, Western Illinois Officer Kalib McGruder who was in dress clothes and Macomb Police Officer Robin Kimler who was in uniform and had a sidearm.

The Defendant Ryan Tucker was not in his room when the officers originally appeared to conduct the search. At the suggestion of Mr. Kern, they went to the Defendant's room because he indicated that the Defendant had access to the Lime Wire connection because the Defendant was authorized to use the wireless connection at one time. That time had passed however as Mr. Kern had terminated the Defendant from that capability.

According to Officer Meyer it was Mr. Kern that suggested he talk to Defendant Tucker. The evidence was that Defendant Tucker was away from the fraternity house because he had gone to exercise and eat breakfast. The Defendant in fact returned to the fraternity house while Officers Meyer and Fairbanks were in Austin Kern's room. They had returned to Mr. Kern's room after they inquired after another person who had access to the wireless computer connection and whether he had used Lime Wire to access child porn.

When Defendant Tucker came into Kern's room, Tucker was asked if he had used the wireless connection to connect to Lime Wire. He indicated that he had. He was shown a list of Lime Wire connections that were child porn connections and he acknowledged that he had made at least some of those connections. The Officers then went to Defendant Tucker's room which was room #1 and had a conversation with Defendant Tucker. Based on the testimony of any witness, Defendant Tucker was never patted down or threatened in anyway or taken into custody and he sat in his room on a footlocker

near the end of his bed.  Officer Meyer sat on a chair a few feet away while they discussed the Lime Wire material and some photos that had been copied. Defendant Tucker acknowledged the photos that he recognized. Of the 33 images he acknowledged 20 or 21 of them as ones that he had obtained.

Officer Meyer asked if he would consent to the search of his computer and some discs.  He was given a form to read which indicated that he was not required to consent.  The Defendant did in fact read and execute the form, consent to having his computer and the discs searched and signed an inventory of what was taken. On his own he volunteered that he had another computer which was turned over.

The Defendant on December 3, 2008 was a senior in college, was 23 years old and was described as having an at least average intelligence.

All the officers and all three of the residents of the house that testified indicated that the officers never threatened to arrest anyone. There was no shouting and no threatening.  They were there to execute a warrant and were inquiring about what people knew. All of the conduct of the Defendant was free and voluntary and he was never in custody.

**It is the Report and Recommendation** that the motion to suppress statement [#20] and motion to suppress evidence seized during the search of the apartment [#22] both be DENIED with the finding that the conduct of the Defendant was freely and voluntarily done and that he voluntarily made the statements and consented to the surrender of the evidence that he supplied the F.B.I. after reading and understanding the consent form. The motion to suppress statements [#20] and the motion to suppress evidence seized during search of the apartment [#22] are DENIED.


Date:  June 7, 2010                                s/ John A. Gorman
                                                   John A. Gorman
                                                   U.S. Magistrate Judge